ROBERT M. MURPHY, Judge.
| gLouis J. Alack, Greg J. Alack, Alack Refrigeration Co., Inc., and Lotz Culinary Equipment & Supplies, Inc. appeal the trial court’s grant of summary judgment dismissing claims against third-party defendants, David T. DeMonte and Paul J. Varisco, Sr., individually, with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This matter concerns a contractual dispute over the sale of business assets from G.A. Lotz Company, Ltd., (“GALCO”) to Louis J. Alack, Greg J. Alack, Alack Refrigeration Co., Inc., and Lotz Culinary *96 Equipment & Supplies, Inc. (“LCESI,”. collectively “Alack”). On November 29, 2005, after the exchange of several drafts, a written sales agreement was executed by the following in their respective capacities:
David T. DeMonte, as President of GALCO:
Louis J. Alack, as President of LCESI; Louis J. Alack, further in his individual capacity as “Guarantor;”
David T. DeMonte and Paul J. Varisco, Sr.,[1] as “Intervenors.”
The sales agreement scheduled four payments as follows:
1,4. PRICE
a. This sale is made and accepted for and in consideration of the sum of the following amounts:
i. Cash payments in the amounts and on the dates set forth in the following Subparagraphs:
A. On December 1, 2005, $200,000.00
B. On March 1, 2007, $250,000.00
C. On March 1, 2008, $250,000.00
D. On March 1, 2009, a sum equal to four times Adjusted EBIT-DA, [“earnings before interest, depreciation, taxes, and amortization”] less the sum of the installments payments described in subparagraphs 4, a. i. A., B., and C. delivered to GALCO, but in no event more than $400,000.00, provided however, if the amount due on March 1, 2009, exceeds $250,000.00, LCESI shall pay such excess, plus interest at the rate then fixed by the Internal Revenue Service for mid-term obligations under IRS Section 1274, in 36 equal consecutive monthly installments of principal and interest commencing on April 1, 2009. LCESI shall incur no penalty for early payment of such excess.
The contract further provided that De-Monte and Varisco would stay on as employees of LCESI and have access to LCESI’s financial records and statements during the defined two-year EBITDA, that is “earnings before interest depreciation, taxes, and amortization” period of January 1, 2006 to December 31, 2007.
Appellants paid the first three scheduled installments totaling $700,000.00. The parties then disputed the amount of the final payment; appellants’ EBITDA calculation was rejected by the opposing party as was the appellees’ in turn. On March 2, 2012, GALCO sued Alack for failure to pay the final installment of $400,000.00. On November 8, 2011, Alack answered denying liability, | ¿reconvened against GALCO, and third-partied DeMonte and Varisco, contending it overpaid the purchase price based on its calculation. In its second amended answer, reconventional demand, and third-party demand, Alack sought reimbursement of $414,573.00, which it claims it had overpaid GALCO based on the adjusted EBIDTA formula. Alack contended the calculation was delayed due to late receipt in 2009 of the corporate tax returns for the EBITDA period (2006-07). Alternatively, Alack sought a declaratory judgment in reconvention, acknowledging and maintaining the contract sales price, or further in the alternative, reformation of the sales agreement to reflect the parties’ intent. Alack contends that to the extent it may still owe a final payment under the terms of the contract of sale, their agreement was induced by fraud on the part of GALCO, DeMonte, and Varisco *97 such that GALCO, DeMonte, and Varisco are liable for damages, costs, and attorney fees. Alack also third-partied attorney Kenneth J. Berke alleging legal malpractice in that he violated his fiduciary duties to appellants by drafting the sales agreement for GALCO/ DeMonte while also representing Alack.[2]
Motion for summary judgment. On January 16, 2013, GALCO, DeMonte, and Varisco filed a motion for summary judgment to address claims set forth in the reconventional and third-party demands. GALCO, DeMonte, and Varisco argued that based on the plain language of the contract of sale, Alack was without any right of reimbursement, even assuming the truth of the allegations of overpayment. The motion for summary judgment also sought dismissal of the third-party claims against DeMonte and Varisco on the grounds that they were not personally liable under the sales contract and that there was no evidence of fraud that would | ¡^otherwise subject them to personal liability. GALCO also sought the dismissal of the reconventional demand.
Trial court ruling. On February 20, 2013, the trial court granted a partial motion for summary judgment, dismissing from this litigation third-party defendants, DeMonte and Varisco, individually with prejudice. In orally assigned reasons, the trial court found no basis to hold them personally liable as nowhere in the contract are DeMonte or Varisco named as guarantors. The trial court found no genuine issue of material fact that they could be personally liable. The trial court specifically found that “the document was not ambiguous as to the particular provision regarding price and the terms of conditions of that.” The trial court thus rejected appellants’ argument that the contract was misleading as to price. The trial court referred the issue of GALCO’s reimbursement to trial and stated that it would entertain a motion for directed verdict, if any, after hearing the evidence at trial. The trial court, therefore, did not dismiss the reconventional demand for reimbursement against GALCO.
Appeal. The notices of signing the judgment were mailed on February 28, 2013. The Alack group filed a timely writ application on March 28, 2013, which was granted “for the limited purpose of remanding the matter to the district court with instructions that relators be given thirty days from the date of this disposition to perfect an appeal if they so desire.” Lotz v. Alack, et al, 13-276 (La.App. 5 Cir. 4/30/13) (unpublished writ opinion). On May 2, 2013, the trial court designated the February 27, 2013 judgment as a final, appealable judgment. On May 15, 2013, Alack filed a Motion and Order for Appeal in which it sought a devolutive appeal from the grant of summary judgment dismissing the third-party claims against DeMonte and Varisco. GALCO, DeMonte, and Var-isco moved to dismiss the appeal, contending that La. C.C.P. art. 2087’s sixty-day limit to perfect an | fiappeal is jurisdictional, appellant’s timely-filed writ notwithstanding. This Court denied appellees’ first motion to dismiss on September 16, 2013. We find that the appellants timely filed them appeal consistent with this Court’s order, and thus the appellees’ re-urged motion to dismiss this appeal for lack of jurisdiction lacks merit.
ASSIGNMENTS OF ERROR
FRAUD AND GUARANTOR ISSUES
1. The trial court erred in failing to acknowledge and recognize the existence of genuine issues of material *98 fact precluding summary judgment, particularly in consideration of allegations of fraud, which necessitate a trial on the merits regarding the issue of whether third-party defendants David DeMonte and Paul Var-isco [appellees] were complicit in their company’s (GALCO’s) fraud, and whether they were guarantors under the Sale Contract.
2. The trial court erred by granting in part the motion for summary judgment dismissing the third-party demand of Louis J. Alack, et al. [appellants] against third-party defendants DeMonte and Varisco, finding that they were not guarantors, and ignoring the greater issue of fraud and complicity of the third-party defendants.
3. The trial court erred in dismissing the third-panel claims of appellants against third-party defendants (ap-pellees) by failing to acknowledge and recognize that legal bases of fraud, complicity and culpability exist, both in relation to and independently of whether third-party defendants signed the Sale Contract as guarantors.
4. The trial court erred in granting in part the summary judgment in favor of third-party defendants by failing to recognize that the continued existence of the fraud issue against the defendant-in-reconvention GALCO must result in the continued existence of the fraud issue against third-party defendants DeMonte and Varisco, GALCO’s only principals.
CONTRACT OF EMPLOYMENT
5. The trial court erred in dismissing the third-party demand against De-Monte via summary judgment when there exists, in addition to the fraud allegations, a claim against him for breach of his obligations under the employment contract executed ancillary to the Sale Instrument.
^STANDARD OF REVIEW
Appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764. The Court must consider whether summary judgment is appropriate under the circumstances of the case and whether there is a genuine or triable issue on which reasonable minds could disagree. Western v. Stoot, 05-186 (La.App. 5 Cir. 10/6/05), 916 So.2d 1195, 1196.
LAW AND DISCUSSION
Appellants’ assignments of error one through four address two issues of the trial court’s ruling: (1) was there any evidence of fraud; and (2) were DeMonte and Varisco guarantors or otherwise personally liable under the sales agreement?
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. A contract is formed by the consent of the parties, established by offer and acceptance. La. C.C. art. 1927. Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage by one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. La. C.C. art. 1953. Consent may be vitiated by fraud. La. C.C. art. 1948. Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. La. C.C. art. 1954. “A party who *99 signs a written document is presumed to know of its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him. Aguillard v. Auction Mgt. Corp., 04-2804, 04-2857 (La.6/29/05), 908 So.2d 1, 17. Here, Louis |RAlack, LCESI’s President and the only one signing for LCESI, admitted he signed the six-page document without reviewing it.
Fraud requires pleading with particularity. La. C.C.P. art. 856. The two elements essential to establish legal fraud are an intent to defraud and gain an unfair advantage and a resulting loss or damage. Autin v. Autin, 617 So.2d 229 (La.App. 5 Cir.1993), writ denied, 620 So.2d 846 (La.1993); Victorian v. American Deposit Ins. Co., 04-852, 04-853 (La.App. 1 Cir. 9/23/05), 923 So.2d 650. La. C.C. art. 1953.
On one hand in the reconventional and third-party demands, appellants contest the calculation as set forth in the sales agreement. The contract provides, for example, that pursuant to the EBITDA calculation, the final payment was to be an amount four times the adjusted EBITDA, less the previous installment payments of $700,000, with a maximum limit of $400,000 as the final payment. The appellants are not challenging their payment of $700,000, nor do they contend they were defrauded on these payments or seek to rescind the contract. Rather, they seek reimbursement based on different EBITDA calculations and interpretation thereof. DeMonte calculated that GALCO was due the maximum amount of $400,000 under the contract; whereas LCESI initially determined that the balance of the selling price was $174,164 and then added in revised expenses to conclude that it had overpaid by $285,427.
On the other hand, appellants contend that the omission of “averaging” language from the EBITDA calculation for the two-year period (2006-07) reflects DeMonte and Varisco’s intent to mislead them and constitutes the fraud claim. The average would provide an estimate of one year’s earnings. Appellants contend that the agreement’s language did not represent the intent of the parties to average the two-year period and thereby increased the price of the last installment. | JDeMonte admits this was a clerical error in the agreement and testified that the parties always intended that the amount be averaged:
EXAMINATION BY COUNSEL FOR APPELLANTS
Q. These were the terms submitted to Greg Alack. Did he agree with what was set forth in here with respect to the formula?
A. The concept was agreed. These are not exactly the way it came down at the end. These in principle were the talking points of the negotiations.
Q. It refers to average over the first 24 months?
A. Right.
Q. How did it change in terms of the averaging over 24 months?
A. It didn’t. It’s just a clerical error in the contract. It was always the intent of the parties it would be averaged.
Q. Over 24 months?
A. Yeah.
Appellants argue that DeMonte’s admission came only after his attempt to defraud was discovered. Regardless of the timing of the revelation, the issue of averaging the two-year EBIDTA period would appear to be moot and not a basis of fraud without any resulting damages. Nothing in the record indicates that appellees intentionally concealed information to de *100 fraud appellants. DeMonte’s testimony, admitting that the omission of “averaging” from the sales agreement was a clerical error, belies appellants’ allegation of fraud as it highlights DeMonte and Varisco’s lack of intent to obtain an unjust advantage or to cause damage or inconvenience to plaintiff.
Whether on the issue of averaging EBIDTA, the limited use of the “guarantor” classification in the sales agreement to Louis Alack alone, or ultra vires acts to pierce the corporate veil, appellants argue repeatedly that mere allegations of fraud are sufficient to withstand summary judgment. Citing Murphy’s Lease and Welding Serv., Inc. v. Bayou Concessions Salvage, Inc., 00-978, 00-979 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, unit denied, 01-1005 (La.6/1/01), 793 So.2d 195, appellants argue the “exception to the limited liability principle attaches to the corporate concept is if a claim alleges the existence of fraud.” Appellants argue further that “caution should be exercised in dismissing claims involving fraud and/or misrepresentation, especially asserted against corporation.” [3] In their reply brief, absent proof, appellants argue that “the important underlying fact of appellants’ position in the case at bar is that where there is fraud alleged in the inducement or confection of the contract, summary judgment is inappropriate, and individual liability for corporate obligations is imposed.”
These assertions of fraud are not substantiated in the record, by evidence, or by testimony.[4] DeMonte and Varisco are thus not personally liable based on appellants’ unsubstantiated,[5] conclusory allegations of fraud, and appellants’ failure to rebut the presumption that Louis Alack knew the contents of the document when he admittedly failed to read it.. We further find appellants’ conjectural allegations of fraud are too speculative and that appellants have failed to produce factual support sufficient to establish they would be able to satisfy their burden of proof at trial.
In Additionally, we find the trial court’s granting appellees’ motion for summary judgment, dismissing claims against the third-party defendants, was appropriate as there is an absence of factual support of loss or damage, an element essential to the adverse parties’ fraud claim. In response to appellees’ motion, appellants have failed to come forth with any factual support that they will be able to satisfy their evidentia-ry burden of proof of loss at trial. La. C.C. P. art. 966 (C)(2).

*101
Guarantor:

The third-party demand seeks damages and reimbursement from De-Monte and Varisco as guarantors. The plain language of the agreement does not name them as “Guarantors,” and nowhere in the document do they sign or appear as “Guarantors.” Rather, they sign as “inter-venors,” which appellees argue indicates their rights under the contract to remain as employees for the purposes of calculating the final installment. Louis Alack, in stark contrast, executed the sales agreement in his capacity as “Guarantor” for LCESI, the purchasing entity. Louis Alack testified he knew he was signing as guarantor. Additionally, Louis Alack is defined as LCESI’s guarantor under Section l(q) of the agreement. No one signed the agreement nor was listed or defined in the agreement as the guarantor for GAL-CO, the selling entity. Section 8 of the agreement defines Intervention as “Now intervenes LCESI’s Guarantor, who binds himself with LCESI to the performance of LCESI’s obligations hereunder and in the LCESI Employment Contracts.” The parties were thus aware of the option of appearing as guarantor and declined to require a personal guarantee from anyone other than Louis Alack.
Greg Alack, Chief Operating Officer of LCESI, testified in his deposition that he participated in negotiating the agreement to purchase GALCO. He recognized that the personal guarantee was limited to his father, Louis Alack, and |12that he did not see anywhere in this or any other document reference to DeMonte or Varisco as guarantors. Greg Alack admits that the only party designated a guarantor by the agreement in question was Louis Alack.
Q. Please look at the document and tell me where you see that they [De-Monte/Varisco] appeared as guarantors.
A. I don’t see the word “guarantors.”
Q. Do you have any other documents you’re aware of agreed to by the parties where Paul Varisco and Dave DeMonte and were guarantors of the sale agreement?
A. Not that I’m aware of.
Appellants contend that the trial court neglected that portion of Greg Alack’s deposition testimony wherein he stated his understanding regarding the purpose of DeMonte and Varisco signing as interve-nors was to mislead appellants that they were guarantors. On de novo review, we find that the parties made a distinction between those signing as guarantors and those signing otherwise. There is no genuine issue of material fact that indicates that the parties intended by the written contract to include other guarantors. We further reject appellants’ argument that appellees intended to mislead appellants by the guarantor/intervenor dichotomy, where the document does not indicate that intervenors are guarantors. Indeed, the document and Greg Alack indicate to the contrary that DeMonte and Varisco are never referred to as guarantors as was his father. The record further indicates that appellants were not without counsel to review the document, as their current counsel Douglas Curet was involved in the negotiations.
Under the facts alleged, DeMonte and Varisco are not personally liable for the debts of GALCO. See New Orleans Jazz & Heritage Found’n v. Kirksey, 09-1433 (La.App. 4 Cir. 5/26/10), 40 So.3d 394, 403, writ denied, 10-1475 (La. 0/1/10),1!⅛ 45 So.3d 1100; La. R.S. 12:93(B) (“A shareholder of a corporation ... shall not be liable personally for any debt or liability of the corporation.”).
On de novo review, we find no material issue of fact that DeMonte and Varisco *102 could be personally Hable: they did not sign as guarantors, and they are not liable for the debts of the corporation. We therefore find the trial court did not err in dismissing all claims against them individually.
Assignments of error one through four lack merit.
Appellants’ assignment of error number five addresses whether a claim against De-Monte exists for a breach of an employment contract.
In its third-party demand, Alack seeks reimbursement of $28,692.00 paid to De-Monte for accounting work. On February 27, 2013, the trial court dismissed the third-party demands against DeMonte with prejudice. On de novo review of the sales agreement, we find no provision which sets forth the specific terms of an employment contract on which to base a claim for reimbursement or breach. We further find no evidence to support the reimbursement claim for payments made. We find only self-serving and conclusory allegations which are insufficient to withstand summary dismissal on de novo review. See La. C.C.P. art. 967(B), supra, note 3.
Assignment of error number five lacks merit.
DECREE
For the reasons above, we deny appel-lees’ re-urged motion for lack of jurisdiction, and after de novo review, we affirm the trial court’s granting of summary judgment, dismissing all claims against De-Monte and Varisco, individually, with prejudice.

AFFIRMED.

JOHNSON, J., Dissents, in Part, With Reasons.

. Varisco was General Manager/Sales Manager of GALCO.

. On February 29, 2012, Berke’s exception of prescription was granted under La. R.S. 9:5605, dismissing claims against him with prejudice.

. The cited case is inapposite to the facts presented here. In Murphy’s Lease, the court found there was resulting loss or damage resulting from misrepresentation which is absent here. DeMonte admitted an error, and the Alack group seeks reimbursement and/or reformation of the contract to reflect the parties’ intent.

. On January 4, 2012 and January 30, 2012, GALCO and Varisco, respectively, filed exceptions of vagueness, claiming a failure to plead with particularity and a lack of factual basis to support their claims including that GALCO is an alter ego of third-party defendants. On February 23, 2012, the trial court sustained the exceptions and gave Alack 60 days to amend. In its second amended answer, amended supplemental reconventional demand and third-party demand, Alack alleges that the formula is inconsistent with the EBIDTA formula agreed to and that DeMonte and Varisco created the contractual errors.

.La. C.C.P. art. 967(B) provides in part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials in his pleadings, but his response by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. (Emphasis added).